IMANAKA ASATO, LLLC

STEVEN K.S. CHUNG    1751
MICHAEL L. IOSUA    9851
TIMOTHY E. HO    4526
745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813
Telephone No.: (808) 521-9500
Facsimile No.:  (808) 541-9050

Attorneys for Plaintiffs
RANDY W. MCKEE and
MYLYN C. MCKEE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| RANDY W. MCKEE and MYLYN C. MCKEE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>    Defendants. | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

# COMPLAINT

Come Now Plaintiffs RANDY W. MCKEE and MYLYN C. MCKEE , by and through their undersigned counsel, and for a Complaint against Defendants ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP, allege and aver as follows:

1. This is an action against the defendant homeowner association and its attorney for wrongful foreclosure and violation of the Fair Debt Collections Practices Act. Defendant homeowner association and its attorney sold plaintiffs' condominium apartment at a public sale, utilizing the process set forth in Section 667-5 ("Part I") of the *Hawai'i Revised Statutes* ("HRS") as amended, despite the fact that the homeowner association did not possess a mortgage containing a power of sale and was not authorized to use Part I.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1331 as the claim against attorney arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

3. This Court has personal jurisdiction over defendants because they are citizens of Hawaii and regularly conduct business in this District, and because the

nonjudicial foreclosure took place and involved real property located in this District. The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. §1367(a).

4. The venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that defendants are located in this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendants are subject to personal jurisdiction in this District.

**PARTIES**

5. Plaintiffs RANDY W. MCKEE and MYLYN C. MCKEE are citizens of the State of Hawaii (collectively, "MCKEES"). At the times relevant herein, MCKEES owned Apartment No. 41 ("Apartment") of the TERRAZZA PHASE 4 condominium project located at 91-147 Makalea Street, Ewa Beach, Hawaii, which they purchased on or around April 2001.

6. Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON ("TERRAZZA") is a homeowner association organized, existing, and functioning under the laws of the State of Hawai'i, including HRS §§514A and/or 514B, as amended, that managed the TERRAZZA PHASE 4 condominium project.

7. Defendants KAPONO F. H. KIAKONA, and PORTER MCGUIRE

KIAKONA & CHOW, LLP, formerly known as Porter Tom Quitiquit Chee & Watts, LLP (collectively, "ATTORNEYS") are licensed attorneys doing business in Hawaii who acted as the attorneys, agents and/or instrumentalities of TERRAZZA in all of the matter complained of herein.

**FACTUAL ALLEGATIONS**

8. A power of sale is a contractual provision that allows a creditor to sell a debtor's home without going to court in the event the debtor defaults on an obligation secured by the home. A power of sale also referred to as a nonjudicial foreclosure, can be abused with draconian consequences for the homeowner. As a result, Hawai'i law requires creditors utilizing powers of sale to strictly comply with all requirements of the power of sale, and the statutes authorizing their use.

9. At all times relevant herein, Hawai'i law provided two processes for conducting power of sale or nonjudicial foreclosures. One was the process set forth in HRS §§ 667-5 through 667-10, referred to as Part I, which provided little or no protection for consumers and carried with it the greatest opportunity for abuse. As a result, Part I could only be used if a mortgage contained a power of sale, and then only by a mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises. The other was Part II, the Alternate Power of Sale Foreclosure Process codified at HRS §§667-21 through 667-42. Part II contained significantly greater protections for consumers

than Part I.

10. Before its repeal in 2012, Part I was an expedited power-of-sale process that could only be used by a creditor holding a mortgage containing a power of sale. To use Part I, the creditor had to give the notices and perform the acts required by the power of sale in the mortgage, publish a notice regarding the public sale once a week for three successive weeks, and to hold the public sale no less than 14 days after the last publication. A nonjudicial foreclosure under Part I did not extinguish the debt if the mortgagee did not receive payment of all amounts owed.

11. In contrast, Part II provided homeowners reasonable time and opportunity to save their homes from foreclosure and protected them from improper and oppressive collection practices. For example, Part II required one intending to proceed with a nonjudicial foreclosure to serve the homeowner with written notice of default in the same manner as service of process and to provide at least 60 days to cure the default. If the default was not cured, a public sale could occur only after the later of 60 days after distribution of notice of the sale or not less than 14 days after the date of the third public notice of the notice of sale. Moreover, under Part II, the conveyance document had to be signed by the homeowner, and the nonjudicial foreclosure operated as full satisfaction of the debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

12. Sometime prior to February 22, 2011, TERRAZZA engaged ATTORNEYS in a principal-agent relationship to collect common assessments for the Apartment that were delinquent, and ATTORNEYS filed a notice of lien for unpaid assessments against the Apartment.

13. At no time herein did TERRAZZA hold a mortgage containing a power of sale.  Nevertheless, ATTORNEYS, acting as agents for and/or on behalf of TERRAZZA, sent communications to MCKEES and published notices in a newspaper representing that TERRAZZA was authorized to and would sell the Apartment at a public sale pursuant to Part I on February 22, 2011.

14. On February 22, 2011, ATTORNEYS then conducted a public sale under Part I and sold the Apartment to TERRAZZA for One Dollar and/or nominal consideration.  Thereafter, on or about February 24, 2011, ATTORNEYS filed an affidavit under oath at the Bureau of Conveyances for the State of Hawaii certifying compliance with all requirements of Part I.  On or about March 1, 2011, TERRAZZA and/or ATTORNEYS recorded an Association's Quitclaim Deed in the Bureau of Conveyances conveying the Apartment to TERRAZZA.  The Association's Quitclaim Deed stated in pertinent part that TERRAZZA had the right to foreclose its lien and sell the Apartment pursuant to HRS § 514B-146 and Part I.

15. At no time did TERRAZZA or ATTORNEYS have the right to use

Part I.

16. TERRAZZA and ATTORNEYS used Part I in order to avoid judicial scrutiny which a foreclosure by action would have entailed and/or compliance with the consumer protection provisions contained in Part II.

17. TERRAZZA and ATTORNEYS concealed the wrong being committed by misrepresenting that TERRAZZA was authorized to conduct nonjudicial foreclosures or public sales under Part I in communications sent to MCKEES, notices published in a newspaper, the affidavit filed in the Bureau of Conveyances, and the Association's Quitclaim Deed that was recorded in the Bureau of Conveyances.

18. The aforesaid communications, notices, affidavit, and deed were false as TERRAZZA did not hold a mortgage containing a power of sale as Part I required.

19. As a member of TERRAZZA, MCKEES were entitled to rely and did rely on the representations made by TERRAZZA and/or ATTORNEY concerning the right to use Part I.

20. MCKEES could not reasonably have discovered and did not discover that TERRAZZA did not have the power of sale required by Part I or the right to use Part I until sometime in 2016.

21. TERRAZZA and ATTORNEYS fraudulently concealed the wrong

being committed and the claims that arose in favor of MCKEES by misrepresenting their authority to use Part I.

22. The statutes of limitations applicable to MCKEES' claims were tolled by the discovery rule or HRS § 667-20, and to the extent, they were not tolled in that manner MCKEES requests that equitable tolling be applied.

23. MCKEES are aware that on July 9, 2019, Governor David Y. Ige allowed Senate Bill 551, CD1 ("Act 282") to become law without his signature.

24. While Act 282 is to be applied retroactively to any case, action, proceeding, or claim arising out of a nonjudicial foreclosure under Parts I, II and VI, MCKEES have a good faith belief that Act 282 is unconstitutional and/or not applicable to their case.

## COUNT I
### (Conversion and/or Wrongful Foreclosure)

25. For their first claim for relief, MCKEES incorporate by reference all of the preceding allegations of this Complaint.

26. The use of Part I to sell the Apartment was unlawful, wrongful and/or invalid, and constitutes the theft and/or conversion of the Apartment and all of its economic benefits.

27. MCKEES were shocked and traumatized by the unlawful sale of the Apartment.

28. TERRAZZA was wrongfully and unjustly enriched as a result of the

above.

29. MCKEES seek and request recovery against TERRAZZA for the injury they sustained, including rescission, restitution, the disgorgement of unlawful gains, actual, special, general, compensatory and punitive damages, together with costs of court and attorney's fees, and for such further and general relief to which they may be entitled.

**COUNT II**
**(Violation of the Fair Debt Collection Practices Act)**
**by ATTORNEYS**

30. MCKEES hereby incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

31. MCKEES seek and request recovery under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") against ATTORNEYS.

32. On information and belief, MCKEES allege that at all times relevant herein, ATTORNEYS were debt collectors, acting as the agent and/or instrumentality of TERRAZZA, who routinely demanded sums of money and attempted to collect said sums of money by sending letters, publishing notices, filing affidavits and recording quitclaim deeds falsely stating that they or their clients were authorized to use Part I to collect delinquent homeowner assessments.

33. ATTORNEYS violated Section 1692f of the FDCPA, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt

9

by attempting to collect monies from MCKEES by using Part I instead of Part II.

34. As a result of ATTORNEYS' violations of the FDCPA, MCKEES are entitled pursuant to 15 U.S.C. §1692k to actual damages, statutory damages, and the costs of this action, together with attorneys' fees.

WHEREFORE, MCKEES pray for a judgment in their favor:

A. Awarding MCKEES actual, compensatory, statutory, special, general and punitive damages against TERRAZZA and ATTORNEYS as appropriate;

B. Awarding MCKEES rescission, restitution and/or disgorgement of the Apartment and the revenue and/or economic benefits that TERRAZZA unlawfully and/or wrongfully acquired;

C. Awarding MCKEES pre- and post-judgment interest;

D. Awarding MCKEES attorneys' fees and costs of suit; and

E. Awarding MCKEES such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawaii, July 31, 2019.

/s/ Timothy E. Ho
STEVEN K.S. CHUNG
MICHAEL L. IOSUA
TIMOTHY E. HO
Attorneys for Plaintiffs
RANDY W. MCKEE and
MYLYN C. MCKEE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| RANDY W. MCKEE and MYLYN C. MCKEE, | ) ) ) | CIVIL NO. (Wrongful Foreclosure) |
|---|---|---|
| Plaintiffs, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| vs. | ) ) ) ) | |
| ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON, et al, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **DEMAND FOR JURY TRIAL**

Come Now Plaintiffs RANDY W. MCKEE and MYLYN C. MCKEE, by and through their undersigned counsel, and request a trial by jury on all issues triable of right by jury in this action. This demand is made pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

DATED: Honolulu, Hawaii, July 31, 2019.

/s/ Timothy E. Ho
STEVEN K.S. CHUNG
MICHAEL L. IOSUA
TIMOTHY E. HO
Attorneys for Plaintiffs
RANDY W. MCKEE and
MYLYN C. MCKEE