Of Counsel:

BAYS LUNG ROSE & HOLMA

DAVID R. MAJOR             9194-0
dmajor@legalhawaii.com
Attorney at Law
A Law Corporation
GRANT FASI ALLISON         10368-0
gallison@legalhawaii.com
JAI W. KEEP-BARNES         10787-0
jkeep-barnes@legalhawaii.com
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000
Facsimile: (808) 533-4184

Attorneys for Defendant
ASSOCIATION OF APARTMENT OWNERS
OF TERRAZZA/CORTEBELLA/LAS BRIAS/
TIBURON, by and through Its Board of Directors

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RANDY W. MCKEE and MYLN C. MCKEE, | CIVIL NO. 1:19-cv-00412 DKW-RT (Wrongful Foreclosure) |
| Plaintiffs, | DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/ LAS BRIAS/TIBURON'S **ANSWER** TO COMPLAINT, FILED JULY 31, 2019; DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/ |
| vs. | |
| ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/ LAS BRIAS/TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and | |
| | *(caption continued on next page)* |

886055.1

| | |
|---|---|
| PORTER MCGUIRE KIAKONA, LLP, <br><br> Defendants. <br><br> _____ | ) LAS BRIAS/TIBURON'S **CROSS-** <br> ) **CLAIM** AGAINST KAPONO F. H. <br> ) KIAKONA, and PORTER MCGUIRE <br> ) KIAKONA & CHOW, LLP; <br> ) CERTIFICATE OF SERVICE <br> ) <br> ) <br> ) Judge: Honorable Derrick K. Watson <br> ) Trial   November 8, 2021 |

DEFENDANT ASSOCIATION OF APARTMENT OWNERS
OF TERRAZZA/CORTEBELLA/LAS BRIAS/
TIBURON'S **ANSWER** TO COMPLAINT, FILED JULY 31, 2019

Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRIAS/TIBURON ("Defendant" or "Association"), by and through its attorneys, Bays Lung Rose & Holma, hereby answer Plaintiffs RANDY W. MCKEE and MYLYN C. MCKEE's (collectively, "Plaintiffs") Complaint, filed July 31, 2019 ("Complaint"), as follows:

FIRST DEFENSE

1.   The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

2.   Defendant admits the allegations contained in paragraph 6 of the Complaint.

3.   Defendant denies the allegations contained in paragraphs 16, 17, 18, 19, 21, 22, 26, & 28 of the Complaint.

2

886055.1

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4, 5, 7, 15, 20, 23, 24, 27, 33, & 34 of the Complaint, and therefore denies the same.

5. With respect to the allegations in paragraph 1 of the Complaint, Defendant denies that it sold Plaintiff's condominium apartment at public sale, and further states that Porter McGuire Kiakona, LLP, formerly known as Porter Tom Quitiquit Chee & Watts, LLP ("Attorneys"), as independent contractors, sold Plaintiffs' condominium apartment at public sale.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and on that basis, denies the same.

6. With respect to the allegations in paragraphs 8, 9, 10, & 11 of the Complaint, Defendant states that the laws, statutes, legal terms, and definitions referenced therein speak for themselves, and on that basis, Defendant denies the same.

7. With respect to the allegations in paragraph 12 of the Complaint, Defendant admits that it engaged the Attorneys, but further states that it engaged the Attorneys as independent contractors and relied on Attorneys as a reasonable person would do in similar circumstances.  Defendant also admits that the Attorneys filed a notice of lien for unpaid assessments against the Apartment. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations of paragraph 12 of the Complaint, and on that basis, denies the same.

       8.    With respect to the allegations in paragraph 13 of the Complaint, states that as independent contractors for Defendant, the Attorneys made decisions and conducted certain actions based on their own experience and expertise.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint, and on that basis, denies the same.

       9.    With respect to the allegations in paragraph 14 of the Complaint, Defendant admits that the Attorneys conducted a public sale and sold the Apartment.  Defendant states that as independent contractors for Defendant, the Attorneys made decisions and conducted certain actions based on their own experience and expertise.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint, and on that basis, denies the same.

       10.    With respect to allegations in paragraph 25 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 24 of the Complaint, and incorporates them herein by reference.

11.     With respect to the allegations contained in paragraph 29, this paragraph does not call for or require an admission or denial, but to the extent this paragraph does require an admission or denial, Defendant denies the allegations contained therein.

12.     With respect to the allegations in paragraph 30 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 29 of the Complaint, and incorporates them herein by reference.

13.     With respect to the allegations contained in paragraph 31, this paragraph does not call for or require an admission or denial, but to the extent this paragraph does require an admission or denial, Defendant denies the allegations contained therein.

14.     With respect to the allegations contained in paragraph 32 of the Complaint, Defendant denies that the Attorneys were acting as the agent and/or instrumentality of Defendant, and further states that the Attorneys were acting as independent contractors.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and on that basis, denies the same.

886055.1

15. With respect to paragraphs A, B, C, D, E under the heading "WHEREFORE, Mckees pray for a judgment in her favor:", these paragraphs do not call for or require an admission or denial, but to the extent these paragraphs do require an admission or denial, Defendant denies the allegations contained therein.

16. Defendant denies each and every allegation contained in the Complaint which is not expressly admitted herein.

## THIRD DEFENSE

17. The Complaint fails to present a justiciable controversy between Plaintiffs and Defendant.

## FOURTH DEFENSE

18. Defendant met or exceeded the requirements of all applicable laws, regulations, and standards of care.

## FIFTH DEFENSE

19. Plaintiffs are barred from maintaining this action against Defendants because Plaintiffs have suffered no damages and/or the claims asserted in the Complaint are not ripe and/or are moot.

## SIXTH DEFENSE

20. Plaintiffs are barred from maintaining this action against Defendant by reason of Plaintiffs' own negligence or wrongful conduct that caused the injuries alleged by Plaintiffs.

## SEVENTH DEFENSE

21. Plaintiffs' recovery in this action, if any, should be reduced in accordance with Hawaii Revised Statutes § 663-31.

## EIGHTH DEFENSE

22. Plaintiffs are barred from maintaining this action against the Defendant based upon the doctrines of laches, waiver, and unclean hands.

## NINTH DEFENSE

23. Plaintiffs are barred from maintaining this action against Defendant because Defendant's actions were taken with Plaintiffs' consent.

## TENTH DEFENSE

24. Plaintiffs are barred from maintaining this action against Defendant based upon the applicable statute of limitations.

## ELEVENTH DEFENSE

25. Plaintiffs are barred from maintaining this action against Defendants by reason of Plaintiffs' release or waiver of the claims upon which the action is based and/or Plaintiffs' assumption of any risk.

## TWELFTH DEFENSE

26. Plaintiffs' claims against the Defendant are barred by the advice of counsel defense and/or the business judgment rule.

### THIRTEENTH DEFENSE

27.   Plaintiffs' claims against the Defendant are barred by the independent contractor rule.

### FOURTEENTH DEFENSE

28.   Plaintiffs' injuries, if any, were the legal and proximate result of superseding and intervening acts or omissions by persons or entities other than the Defendant, for whom or which the Defendant is not liable.

### FIFTEENTH DEFENSE

29.   Plaintiffs are barred from maintaining this action because the Defendant was privileged to take the actions upon which Plaintiffs' Complaint is based.

### SIXTEENTH DEFENSE

30.   Plaintiffs fail to state a claim against the Defendant in that Plaintiffs fail to allege that Plaintiffs complied with all of the terms and conditions of the contract upon which the action is based or that Defendant materially breached the contract.

### SEVENTEENTH DEFENSE

31.   The Defendant did not breach any legal duty to Plaintiffs.

886055.1

## EIGHTEENTH DEFENSE

32. In addition to the above defenses, Defendant presently has insufficient knowledge or information regarding whether Defendant has additional affirmative defenses, and therefore reserves its right to assert additional defenses when they are discovered and/or confirmed.

WHEREFORE, Defendant prays for the following relief:

A. That the Complaint be dismissed in its entirety with prejudice;

B. That Plaintiffs take nothing;

C. That Defendant be awarded its reasonable attorneys' fees, costs, and expenses; and

D. That the Court award such other and further equitable and legal relief as it deems just and proper under the circumstances.

DATED: Honolulu, Hawaii, October 9, 2020.

                                                    */s/* Jai W. Keep-Barnes
                                                  DAVID R. MAJOR
                                                  GRANT FASI ALLISON
                                                  JAI W. KEEP-BARNES

                                                  Attorneys for Defendant
                                                  ASSOCIATION OF APARTMENT
                                                  OWNERS OF TERRAZZA/
                                                  CORTEBELLA/ LAS BRIAS/TIBURON,
                                                  by and through Its Board of Directors